UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THEODORE GUARRIELO, JR., <br> THEODORE GUARRIELLO, JR. TRUST <br> U/A/DTD 6/18/2003, and <br> THEODORE GUARRIELLO JR. <br> TRUSTEE <br><br> Plaintiffs, <br><br> v. <br><br> FAMILY ENDOWMENT PARTNERS, LP, <br> FAMILY ENDOWMENT PARTNERS, <br> LLC, FEP FUND I, LP, and <br> LEE DANA WEISS <br><br> Defendants. | Civil Action No. 14-cv-13351-IT |

ORDER

April 29, 2015

TALWANI, D.J.

The parties filed a Stipulation and Protective Order Regarding Confidential Information [#30], which the court hereby ACCEPTS. The court clarifies, however, that nothing in the parties' protective order limits the court's power to make orders concerning the disclosure or impoundment of documents filed with the court during motion practice or produced during trial.

The court is guided in this regard by First Circuit precedent and Local Rule 7.2. Because the public has a "presumptive" right of access to judicial documents, "'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'" United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013) (quoting In re Providence Journal Co., 293 F.3d 1, 10 (1st Cir. 2002)). Accordingly, the burden is on the

impoundment-seeking party to show that impoundment will not violate the public's presumptive right of access.

For that reason, should either party seek to file any document designated as confidential under seal, the party seeking to keep that document under seal must show this court good cause for the impoundment.  Specifically, the party seeking impoundment must make "'a particular factual demonstration of potential harm, not . . . conclusory statements'" as to why the document should be sealed.  Id. at 60 (quoting Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 412 (1st Cir. 1987)); see also Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." (citations omitted)).  Reference to a document's designation as confidential pursuant to the parties' protective order, without more, will not suffice to show a particularized need for impoundment.

     IT IS SO ORDERED.

Date:  April 29, 2015                                      /s/ Indira Talwani
                                                                               United States District Judge