UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THEODORE GUARRIELLO JR.,      *
THEODORE GUARRIELLO JR. TRUST *
U/A/DTD 6/18/2003, and        *
THEODORE GUARRIELLO JR.       *
TRUSTEE,                      *
                              *
          Plaintiffs,         *
                              *
     v.                       *      Civil Action No. 14-cv-13351-IT
                              *
FAMILY ENDOWMENT PARTNERS, LP, *
FAMILY ENDOWMENT PARTNERS,    *
LLC, FEP FUND I, LP, and      *
LEE DANA WEISS,               *
                              *
          Defendants.         *

MEMORANDUM & ORDER

December 21, 2015

TALWANI, D.J.

Before the court is Plaintiffs' Motion to Compel Substantive Responses to Interrogatories

Nos. 12 to 14 and 16 to 22 [#73].  The motion seeks substantive, non-evasive responses to

interrogatories propounded to Defendants on September 30, 2015 in Plaintiffs' Second Set of

Interrogatories.  For the reasons set forth below, the motion is ALLOWED.

I.     Discussion

     A. *Local Rule 7.1*

Defendants contend that the motion should be denied on the ground that no Local Rule

7.1 conference took place between the parties before Plaintiffs filed the motion to compel.

Plaintiffs' counsel sent Defendants' counsel a letter dated Tuesday, November 17, 2015 "as part

of Plaintiffs' meet-and-confer obligation."  Flynn Decl. Supp. Pls.' Mot Compel, Ex. 4 [#73-5].

The letter identified the alleged deficiencies in Defendants' responses to the interrogatories that

are the subject of this motion and asked Defendants to supplement their responses by the end of

the week.  Id.  Plaintiffs' counsel reports that in response, Defense counsel requested, and

Plaintiffs' counsel granted, an extension of time for Defendants to consider Plaintiffs' request.

Flynn. Decl. Supp. Pls.' Mot. Compel ¶ 5 [#73-1].

   The following Monday, November 23, 2015 Defendants' counsel filed a motion to

withdraw as counsel.  Mot. Withdraw [#71].  The motion made no mention of the pending

discovery dispute.  The next day, Plaintiffs filed their motion to compel, contending that

Defendants had not supplemented their interrogatories within the extended time.  In further

communication between counsel, Plaintiffs' counsel maintained that he believed the letter sent

the previous week satisfied the meet and confer obligations, but he offered to withdraw the

motion or modify it in part if Defendants cured all or some of the identified deficiencies.  See

Hayes Decl. Supp. Defs.' Opp'n Mot Compel, Ex D [#76-5].  The next day, Plaintiffs' counsel

reiterated his offer to modify or withdraw the motion if Defendants supplemented their responses

and further offered to stipulate that Defendants' time to respond to the motion to compel be

extended by one week so that counsel could confer with their client.  See Hayes Decl. Supp.

Defs.' Opp'n Mot Compel, Ex E [#76-6].  Plaintiffs' counsel emailed Defendants' counsel again

four days later and expressed a continued willingness to discuss the matter further.  Id.

   Local Rule 7.1 provides that "[n]o motion shall be filed unless counsel certify that they

have conferred and attempted in good faith to resolve or narrow the issue."  The rule is important

because it encourages parties to resolve disputes reasonably and avoids burdening the court with

unnecessary motions.  A moving party's failure to certify that Local Rule 7.1 conference has taken place is a grounds for denying a motion.

Here, the record shows that Plaintiffs' counsel did attempt and repeatedly offer to confer in good faith with Defendants' counsel but his efforts were not reciprocated.  Indeed, Plaintiffs' counsel proposed several solutions to resolve the dispute and narrow the issues for the court to decide, but Defendants did not accept any of the offers or, apparently, propose any alternative. Under the Local Rule, this effort should have occurred prior to filing the motion, but in light of Plaintiffs' counsel's letter initiating such discussions prior to filing the motion, Defendants' unannounced filing of a motion for leave to withdraw after requesting an extension of time to respond to the letter, and Plaintiffs' counsel's willingness to withdraw or modify the motion, strict application of  Local Rule 7.1 would serve no purpose and would instead reward Defendants for failing to engage in any effort to resolve the dispute.  Accordingly, the court will reach the merits of the motion to compel.

### B.  Motion to Compel

Among other issues, Plaintiffs generally contend that Defendants' responses to the interrogatories discussed below are insufficient and ambiguous.  The ambiguity in Defendants' responses is due in part to the fact that, while Defendants objected to each interrogatory on multiple grounds, they also provided some substantive responses.  It is therefore unclear if Defendants' substantive responses are complete or if Defendants withheld any additional responsive information on the basis of any of the objections.  If Defendants have withheld any responsive information on the basis of an objection, Plaintiffs are entitled to know that so that they can challenge the sufficiency of the objection, if appropriate.

The problem created by Defendants' ambiguous responses is a real and common one. Indeed, this problem was recently recognized by the Advisory Committee on the Rules of Civil Procedure and Rule 34(b)(2)(C) governing requests for production of documents was amended to address it. Specifically, Rule 34(b)(2)(C) now provides that an objection to requests for production "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of the request must specify the part and permit inspection of the rest." As the 2015 Advisory Committee Notes indicate, the amendment was adopted to "end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections." This is the very confusion that has arisen here.

The Committee Notes' discussion of this problem illustrates why Defendants' proposed solution—that Plaintiffs obtain whatever further responsive information does exist from Defendant Weiss at his deposition—is untenable without some clarification as to whether Defendants have withheld any information on the basis of any objection. Moreover, Plaintiffs are not required to go through the exercise of a deposition to get information that is responsive to a duly propounded interrogatory. Nor are Plaintiffs required to accept Defendants' counsel's assertions in their opposition papers to the motion to compel regarding the scope of the objections or the completeness of the responses. Rather, Plaintiffs are entitled to complete, written responses that are made under oath and signed by Defendants. See Fed. R. Civ. P. 33(b)(3), (5) (requiring answers to interrogatories to be made in writing under oath and signed by the "person who makes the[m]").

Although only Rule 34 was amended, the court finds the solution adopted by the amendment to be an appropriate solution to the Rule 33 responses here.  Accordingly, as addressed more fully below, to the extent Defendants' responses fail to state whether responsive information has been withheld on the basis of any objection, they must supplement their responses to so state.

The court now turns to a discussion of each interrogatory and response.

### 1.  Interrogatory No. 12

Plaintiffs Theodore Guarriello Jr. Trust U/A/Dtd 6/18/2013 and Theodore Guarriello, Jr. Trustee allege that they entered into an Investment Advisory Agreement (the "Investment Advisory Agreement") with Defendant Family Endowment Partners, LP ("FEP") as their investment adviser, that the Investment Advisory Agreement authorized FEP to charge Plaintiffs certain investment advisory fees, and that FEP charged excessive fees and fees not authorized by the agreement.  See Compl. ¶¶ 62-69, 81, 89, 94, 99 [#1].  Plaintiffs assert further that the Investment Advisory Agreement also authorized FEP to select subadvisers upon notice to the clients and specifically, that section 4(b) of the Investment Advisory Agreement provided that FEP "may select any Subadviser set forth on Exhibit C to this Agreement, and may select additional or substitute Subadvisers from time to time upon notice to the Client." Compl. ¶ 4; Flynn Decl. Supp. Mot. Compel, Ex 3 § 4(b) [#73-4].  Plaintiffs also assert that the Investment Advisory Agreement further provided that such subadvisers could charge their own fees separate and in addition to the advisory fees charged by FEP.  Compl. ¶ 4; Flynn Decl. Supp. Mot. Compel, Ex 3 § 12(c).

Interrogatory No. 12 asks Defendants to "[i]dentify all notices (to the extent such exist) issued by the Defendants pursuant to section 4(b) of the Investment Advisory Agreement,

through which the Defendants ostensibly informed Plaintiffs of Defendants' selection of additional or substitute Subadvisers." Flynn Decl. Supp. Pls.' Mot. Compel, Ex. 1 ("Interrogs.") at 6 [#73-2]. Defendants' first response, dated November 16, 2015, objected on several grounds and referred Plaintiffs to Exhibit C of the Investment Advisory Agreement "which identifies three subadvisers under the heading 'Subadvisers.'" Flynn Decl. Supp. Pls.' Mot. Compel, Ex. 2 ("Defs.' Resps.") at 6 [#73-3].

Plaintiffs move to compel a response that clarifies if Exhibit C to the Investment Advisory Agreement is the only notice that Defendants provided to Plaintiffs regarding the selection of subadvisers. Defendants oppose the motion, arguing that they should not have to confirm in an interrogatory response that their answer is the complete answer. However, for the reason described in section I.B. supra, Defendants' response including objections and some substantive response is vague at best. Moreover, section 4(b) of the Investment Advisory Agreement provides that FEP "may select any Subadviser set forth on Exhibit C to this Agreement, and may select additional or substitute Subadvisers from time to time *upon notice to the Client*." Flynn Decl. Supp. Pls.' Mot. Compel, Ex. 3 § 4(b). Therefore Defendants' response referring only to the subadvisers identified in Exhibit C does not fully respond to the interrogatory because it fails to identify any "notices . . . through which the Defendants ostensibly informed Plaintiffs of Defendants' selection of additional or substitute Subadvisers." Plaintiffs are entitled to a complete and non-evasive response.

Accordingly, Defendants shall identify, in a supplemental response made under oath and signed by Defendants no later than January 4, 2016, any notices issued by Defendants pursuant to section 4(b) of the Investment Advisory Agreement through which the Defendants ostensibly informed Plaintiffs of their selection of additional or substitute Subadvisers. If Exhibit C to the

6

Investment Advisory Agreement is the only notice Defendants provided to Plaintiffs of any subadvisers, Defendants shall so state in a further supplemental response made under oath and signed by Defendants.  If Defendants withhold any information responsive to the interrogatory on the basis of any previously-stated objection, their supplemental response shall so state and shall identify the previously-stated objection that is the basis for withholding information.

       2.   *Interrogatory No. 13*

Interrogatory No. 13 asks Defendants to "[i]dentify all persons or entities who served as Subadvisers pursuant to § 4(b) of the Investment Advisory Agreement and when, identify each fee the Plaintiffs were charged in connection with the Subadvisers' services and describe each service that was ostensibly provided that resulted in each of those fees."   Interrogs. 6.  Defendants objected on general as well as relevance grounds while again referring Plaintiffs to Exhibit C of the Investment Advisory Agreement.  Defendants' response further lists the three subadvisers identified in Exhibit C as subadvisers that were "disclosed to Plaintiffs pursuant to § 4(b)."  Defs.' Resps. 6-7.  Plaintiffs move to compel a complete response, arguing that Defendants' response only identifies subadvisers but does not identify when they served or the fees Plaintiffs were charged in connection with their services, nor does it describe the services they ostensibly provided.

Defendants oppose the motion first on the ground that information related to subadvisers is not relevant to Plaintiffs' claims or any defenses because the complaint does not reference subadvisory fees at all.  Though it is true that the complaint does not explicitly reference "subadvisory fees" as such, the complaint does allege that fees could be charged by subadvisers pursuant to the Investment Advisory Agreement in addition to any advisory fees charged by FEP, and that Defendants improperly calculated the advisory fees and withdrew monies from

Plaintiffs accounts in excess of the advisory fees owed to FEP. See Compl. ¶¶ 14, 62-69, 81, 89, 94, 99. Thus, the advisory fees and related subadvisory fees charged to Plaintiffs are relevant to Plaintiffs' claims and the information sought by Interrogatory No. 13. Accordingly, Defendants' relevance objection is overruled.

Defendants further contend that they do not have "access to the fee information" of subadvisers. However, as this court has previously noted, "a party responding to an interrogatory 'must furnish information that is available to it and that can be given without undue labor and expense.'" Lynn v. Monarch Recovery Mgmt., 285 F.R.D. 350, 357 (D. Md. 2012) (citing 8B Wright & Miller, Fed. Practice and Procedure § 2174 (3d ed. 2012)). Indeed, "[i]n answering interrogatories, a party is charged with knowledge of what its agents know, or what is in records available to it, or . . . information others have given it on which it intends to rely in suit." 8B Wright & Miller, Fed. Practice and Procedure § 2177 (3d ed. 2012). Therefore, to the extent information responsive to the interrogatory is reasonably available to Defendants, even if not in their physical possession, they must provide it.

Accordingly, no later than January 4, 2016, Defendants shall identify in a supplemental response made under oath and signed by Defendants, based on information known or reasonable available to them, the name of each subadviser, the dates each subadviser served, and the fees charged to Plaintiffs in connection to each subadviser's services, and shall describe the service ostensibly provided by each subadviser. To the extent such information is not known or reasonably available to Defendants, they shall so state in a supplemental response made under oath and signed by Defendants. If Defendants withhold any information responsive to the interrogatory on the basis of any previously-stated objection, their supplemental response shall

so state and shall identify the previously-stated objection that is the basis for withholding information.

### 3. Interrogatory No. 14

Interrogatory No. 14 asks Defendants to "[i]dentify all investments Defendant FEP Fund I, LP made in Biosyntec S.A.-affiliated companies, including the date each investment was made, the amount of the investment, and the company that was invested in." Interrogs. 7. The interrogatory further identifies several such Biosyntec S.A.-affiliated companies and clarifies that it seeks information regarding "investments in other funds that invested in Biosyntec S.A.-affiliated companies, as when (for example) FEP Fund I, LP invested in Catamaran Holding Fund, Ltd. ["Catamaran"], which in turn invested in [Biosyntec S.A.-affiliated companies] Karien and Globe 360." Id. Defendants responded by objecting on several grounds and then listing five loans Defendant FEP Fund I, LP made directly to companies that "Defendants determined were affiliated with Biosyntec-S.A." Defs.' Resps. 7.

Plaintiffs' motion to compel asserts that the response is incomplete because it does not address any "indirect" investments made in Biosyntec S.A.-affiliated companies, including the investment made via Catamaran that was specifically identified in the interrogatory. Defendants respond that the interrogatory is unduly vague in that it does not attempt to define what a "Biosyntec S.A.-affiliated company" is. Defendants' opposition further describes the date and nature of the identified indirect investment made via Catamaran and states that the Catamaran investment "was the only indirect investment FEP Fund I, LP made in companies Defendants understand to be affiliated with Biosyntec S.A." Defs.' Opp'n Pls.' Mot. Compel ("Defs.' Opp'n") at 6 [#76]. Thus, Defendants' response is another example of the problem discussed above, and notwithstanding Defendants' objection to the purported ambiguity, they do have

further responsive information.  Moreover, this information can and should be provided by Defendants themselves, not counsel.

Accordingly, Defendants shall identify, in a supplemental response made under oath and signed by Defendants no later than January 4, 2016, all direct and indirect investments FEP Fund I, LP made in companies Defendants understand to be currently or formerly affiliated with Biosyntec S.A., including but not limited those companies identified in Interrogatory No. 14, and including but not limited to the Catamaran investment identified in in Interrogatory No. 14.  If Defendants withhold any information responsive to the interrogatory on the basis of any previously-stated objection, their supplemental response shall so state and shall identify the previously-stated objection that is the basis for withholding information.

4.  *Interrogatory No. 16*

Interrogatory No. 16 requests that Defendants "[i]dentify all performance interests Lee Weiss had in Biosyntec S.A. and/or any of its affiliated companies. . . and all disclosures of them that were ostensibly made to the Plaintiffs."  Interrogs. 7.  The interrogatory requested that Defendants be specific about how and when Defendant Weiss ("Weiss") acquired all such performance interests and when, where, how and to whom any disclosures were made to Plaintiffs.  Id.  The interrogatory also identified a specific performance interest Weiss had through one of his clients in Biosyntec S.A, but requested that the response not be limited to that interest. Defendants responded first by objecting on numerous grounds including relevancy and then by referring Plaintiffs to a 2001 Advisory Services Agreement between Weiss and the Abduljawad Family Partnership, the client through whom Weiss had the performance interest identified in the interrogatory, for information about that specific performance interest.  Defs.' Resps. 9.

Plaintiffs' motion to compel asserts that Defendants' response is incomplete because it does not identify any "disclosures . . . that were ostensibly made to the Plaintiffs" concerning any performance interest, and does not confirm whether the Abduljawad Family Partnership-related interest was the only performance interest Weiss had in any Biosyntec S.A.-affiliated company. As noted, it is unclear if Defendants have withheld information about other performance interests on the basis of any asserted objection, or if no further responsive information exists.  Defendants oppose the motion on the grounds that the information regarding the Abduljawad Family Partnership-related performance interest is irrelevant to Plaintiffs' claims because it predates Plaintiffs' investments with Defendants by nine years.

To the extent Defendants argue that they were not obligated to disclose the Abduljawad Family Partnership-related interest to Plaintiffs because that interest predated Plaintiffs' investments, even if true, that would not relieve Defendants from their obligation to fully respond to the interrogatory.  Moreover, information related to Weiss' relationship with Biosyntec S.A. in the years preceding Plaintiffs' own investments is highly relevant to Plaintiffs' claims that Weiss improperly steered Plaintiffs' monies to Biosyntec S.A. and that Weiss had undisclosed interests in Biosyntec S.A. during his relationship with Plaintiffs.  Accordingly, Defendants' relevance objection is overruled.

Defendants' opposition further states that they no longer have the "specific" information sought by the interrogatory beyond the 2001 Abduljawad Family Partnership Advisory Services Agreement.  As set forth above, however, Defendants must respond to the interrogatory with all information reasonably available to them.  Additionally, Defendants assert that information as to whether any disclosures were ever made is equally available to Plaintiffs as the recipient of such disclosures.  However, the interrogatory seeks information about disclosures that were

"ostensibly" made to Plaintiffs, and in any event the fact that information may be available to Plaintiffs is not a basis for withholding information that is also available to Defendants. See 8 Wright, Miller & Marcus, Fed. Practice & Procedure § 2014 (3d ed. 2012) ("it is not usually ground for objection that the information is equally available to the interrogator"). Finally, Defendants' counsel states in Defendants' opposition that "defendants did disclose to Plaintiffs that other clients invested in Biosyntec S.A., although Defendants did not disclose to Plaintiffs the specific fee arrangements with other clients." Defs.' Opp'n 7. As set forth above, Plaintiffs are entitled to obtain this and any other responsive information in the form of a sworn response by Defendants themselves, not as an assertion of counsel.

Accordingly, Defendants shall identify, in a supplemental response made under oath and signed by Defendants no later than January 4, 2016, based on information known or reasonably available to them, all performance interests Weiss had in Biosyntec S.A. and/or any affiliated company, and all disclosures of such performance interests that were ostensibly made to the Plaintiffs. Defendants shall further identify how and when Weiss acquired any such performance interest, when, where, how, and to whom any disclosures were made to the Plaintiffs, and who was present when each such disclosure was made. If Defendants contend that no disclosure of any Weiss performance interest in Biosyntec S.A. and/or any affiliated company was made to Plaintiffs, they shall so state in a supplemental response made under oath and signed by Defendants. If Defendants withhold any information responsive to the interrogatory on the basis of any previously-stated objection not addressed in this order, their supplemental response shall so state and shall identify the previously-stated objection that is the basis for withholding information.

5.  *Interrogatory No. 17*

Similar to Interrogatory No. 16, Interrogatory No. 17 asks Defendants to "[i]dentify all loans [Weiss] made to Biosyntec S.A. and/or any of its affiliated companies . . . and all disclosures of them that were ostensibly made to the Plaintiffs." Interrogs. 8. The interrogatory again requests that Defendants be specific in identifying how and when Weiss made such loans and when, where, how and to whom any disclosures were made to Plaintiffs. Id. The interrogatory also requests information about, but not limited to, a specific $50,000 loan that Weiss made to Biosyntec S.A. Defendants responded by objecting to the interrogatory on general and relevance grounds, "particularly to the extent that it seeks information concerning two loans made by Mr. Weiss in 2003 and 2004" as those loans were allegedly repaid in full years before Plaintiffs entered into an investment advisory relationship with FEP. Defs.' Resps. 10.

Plaintiffs' motion to compel asserts that Defendants' acknowledgment of two loans made in 2003 and 2004 is inadequate because it does not provide any of the other information sought by the interrogatory. Indeed, as described above, it is not clear from Defendants' response if other responsive information exists and is being withheld on the basis of any objection. Defendants argue in opposition, again, that Plaintiffs are not entitled to information about loans that "significantly pre-dated their own investment advisory relationship with Defendants" and that the "detailed information sought by this interrogatory concerning the loans was not retained after they were re-paid." Defs.' Opp'n 7. Defendants further assert, again, that information regarding any disclosures made to Plaintiffs is equally available to Plaintiffs themselves. However, as set forth above, information regarding Weiss' relationship with Biosyntec S.A. is relevant to Plaintiffs' claims is therefore discoverable; Defendants are charged with knowledge

13

of information reasonably available to them; and the fact that Plaintiff may have access to disclosures "ostensibly" made by Defendants is not a basis for Defendants to withhold information responsive to the interrogatory.

Finally, Defendants' counsel further states that "Mr. Weiss disclosed to Plaintiffs, including Mr. Guarriello, that he had a previous relationship with Biosyntec S.A. that included personal loans and other clients' investments."  Id. at 7-8.  Again, Plaintiffs are entitled to obtain information that is responsive to an interrogatory by a sworn response made by Defendants themselves, not counsel.

Accordingly, Defendants shall identify, in a supplemental response made under oath and signed by Defendants no later than January 4, 2016, based on information known or reasonably available to them, all loans Weiss made to Biosyntec S.A. and/or any affiliated company, and all disclosures of such loans that were ostensibly made to the Plaintiffs.  Defendants shall further identify how and when Weiss made such loans, when, where, how, and to whom any disclosures were made to the Plaintiffs, and who was present when each such disclosure was made.  If Defendants contend that no disclosure of any Weiss loan to Biosyntec S.A. and/or any affiliated company was made to Plaintiffs, they shall so state in a supplemental response made under oath and signed by Defendants.  If Defendants withhold any information responsive to the interrogatory on the basis of any previously-stated objection not addressed in this order, their supplemental response shall so state and shall identify the previously-stated objection that is the basis for withholding information.

   *6.  Interrogatory No. 18*

Interrogatory No. 18 asks Defendants to "[i]dentify each payment the Defendants received from Biosyntec S.A. and/or any of its affiliated companies . . . and all disclosures of

them that were ostensibly made to the Plaintiffs."  Interrogs. 8.  The interrogatory identifies a specific payment of approximately $616,000 sent to Weiss in various installments from February 2010 through September 2012 and asks for specific information as to how and when Defendants received that and any other responsive payment, as well as how, when, where and to whom any disclosure were made to Plaintiffs.  Id.  Defendants' response to the interrogatory objects that the use of the term "payment" is vague and overbroad and states that Defendants would respond to a "more narrowly-tailored Interrogatory identifying the information sought."  Defs.' Resps. 11.

In their motion, Plaintiffs assert that the interrogatory is not unduly vague or broad. Plaintiff further asserts that the basis for the interrogatory's reference to the $616,000 payment received by Weiss is allegations from the Securities and Exchange Commission's complaint in the related action Sec. and Exch. Comm'n v. Weiss, Civ. Action No. 15-cv-13460-IT. Defendants' counsel responds in opposition that "[i]f Plaintiffs' request is predicated entirely on the SEC's Complaint . . . then Defendants currently have no information to provide in response to Interrogatory No. 18—they simply do not know the basis for the SEC's allegations."  Defs.' Opp'n 8.  Again, however, Plaintiffs are entitled to a response to the interrogatory that is sworn to and made by Defendants themselves, not counsel.

Accordingly, Defendants shall identify, in a supplemental response made under oath and signed by Defendants no later than January 4, 2016, based on information known or reasonably available to them, all payments received by Weiss made from Biosyntec S.A. and/or any affiliated company, and all disclosures of such payments that were ostensibly made to the Plaintiffs.  Defendants shall further identify how and when Weiss received such payments, when, where, how, and to whom any disclosures were made to the Plaintiffs, and who was present when each such disclosure was made.  If Defendants contend that no disclosure of any payment

from Biosyntec S.A. and/or affiliated company was made to Plaintiffs and/or that no payments

were ever received, they shall so state in a supplemental response made under oath and signed by

Defendants.  If Defendants withhold any information responsive to the interrogatory on the basis

of any previously-stated objection not addressed in this order, their supplemental response shall

so state and shall identify the previously-stated objection that is the basis for withholding

information.

> 7.   *Interrogatory No. 19*

Interrogatory No. 19 asks Defendants to identify the dates that Weiss' certification as a

"Certified Financial Advisor" was in effect, to the extent he ever was so certified.  Interrogs. 8.

Defendants' response objects to the use of the term "Certified Financial Advisor" but states that

Weiss "received his Series 65 license and became a Registered Investment Adviser in 1992."

Defs.' Resps. 11.  Plaintiffs move to compel a complete response, noting that Defendants'

response only identifies the date that Weiss "first received his license and became registered" but

does not identify when any licensure or registration ceased.  Pls.' Mot. Compel 5.  In opposition,

Defendants assert that the designation of "Certified Financial Advisor" does not exist.  While

that may be so, Defendants' answer admits that "Weiss was previously a certified financial

planner."  Answer ¶ 9 [#18].  Accordingly, Defendants shall identify, in a supplemental response

made under oath and signed by Defendants no later than January 4, 2016, the dates that Weiss

began and ceased being a "certified financial planner" and the dates that Weiss began and ceased

being a "Registered Investment Adviser."  If Defendants withhold any information responsive to

the interrogatory on the basis of any previously-stated objection not addressed in this order, their

supplemental response shall so state and shall identify the previously-stated objection that is the

basis for withholding information.

8.  *Interrogatory No. 20*

Interrogatory No. 20 asks Defendants to "[d]escribe the reasons why, after 2011, Sandler & Company disengaged from auditing FEP Fund I, LP's financial statements" and to identify any related documents including but not limited to correspondence between any Defendant and Sandler & Company."  Interrogs. 8.  Defendants' response objects to the interrogatory on the basis that it seeks "information in the possession of a third-party concerning that third-party's decision-making" and further states that "BDO was hired to perform FEP Fund I, LP's audits to replace Sander & Company."  Defs.' Resps. 11-12.

Plaintiffs' motion argues that Defendants' response fails to identify the reasons why Sandler & Company disengaged as well as documents related to the disengagement.  Again, as discussed, Defendants' response leaves ambiguous whether Defendants have withheld responsive information due to any objection.  In opposition, Defendants contend that Defendants replaced Sandler & Company with BDO after Defendants, not Sandler & Company, determined that they desired another auditing firm.  Defendants further state that "Defendants are not in the possession" of any information that would support the contention, to the extent Plaintiffs make it, that Sandler & Company disengaged for "nefarious reasons."  Defs.' Opp'n 10.  Nonetheless, to the extent any information related to Sandler & Company's reason for disengaging as Defendants' auditing firm is reasonably available to Defendants, they must provide that information in response to the interrogatory.

Accordingly, Defendants shall describe, in a supplemental response made under oath and signed by Defendants no later than January 4, 2016, based on information known or reasonably available to them, the reasons why Sandler & Company disengaged from auditing FEP Fund I, LP's financial statements and shall identify documents related to the reasons for disengagement.

17

If Defendants contend that no such information is reasonably available to them, they shall so state in a supplemental response made under oath and signed by Defendants.  If Defendants withhold any information responsive to the interrogatory on the basis of any previously-stated objection not addressed in this order, their supplemental response shall so state and shall identify the previously-stated objection that is the basis for withholding information.

9.   *Interrogatories No. 21 and 22*

Defendants did not respond at all to Interrogatories Nos. 21 and 22, for what Defendants contend was a clerical and inadvertent mistake.  Defendants agree to respond to both, but to date have not done so.  Defendants shall completely and non-evasively respond to Interrogatories Nos. 21 and 22 no later than January 4, 2016.

II.      Conclusion

For the foregoing reasons, the court ALLOWS Plaintiffs' Motion to Compel Substantive Responses to Interrogatories Nos. 12 to 14 and 16 to 22 [#73] as set forth above.

IT IS SO ORDERED.

Date: December 21, 2015                                     /s/ Indira Talwani
                                                                            United States District Judge